DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| John S. Meacham, et al., | ) | |
| | ) | CASE NO. 5:06 CV 2447 |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Warren L. Woolford, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

Before the Court are the following: (1) the motion for judgment on the pleadings filed by

the City of Akron[1] (Doc. No. 34); (2) the plaintiffs' motion for leave to amend the complaint

(Doc. No. 41);[2] and (3) the motion to remand filed by the United States Department of Housing

and Urban Development ("HUD") (Doc. No. 36).  For the reasons discussed below, Doc. Nos.

34 and 41 are denied; Doc. No. 36 is granted and the case will be remanded for further

administrative proceedings.

---

[1]  The Court will refer to the following defendants collectively as the "City of Akron," the "City," or "the City defendants": defendant City of Akron; defendant City of Akron Department of Planning and Urban Development; and defendant Warren L. Woolford, Director. In fact, the City's Department of Planning and Urban Development is an improper party because it is not *sui juris*.  Woolford is sued only in is official capacity.  Therefore, the City of Akron is the only true City defendant.

[2]  This motion is actually included in plaintiffs' opposition to the City defendants' motion; it should have been filed separately.

(5:06 CV 2447)

## I.  PROCEDURAL BACKGROUND

On October 11, 2006, plaintiffs John S. Meacham and Barbara Meacham filed an action for damages and injunctive relief under both the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4601, *et seq.*,[3] and 42 U.S.C. § 1983. The Complaint was also styled as an administrative appeal[4] from the final determination by HUD and the City of Akron regarding the nature and amount of relocation assistance benefits offered to plaintiffs under the URA.  The Complaint included a request for preliminary injunction.  (Doc. No. 1).

On October 16, 2006, plaintiffs filed a motion for temporary restraining order seeking to halt their imminent eviction.  (Doc. No. 3).  The Court set a hearing for October 20, 2006 and notified the City of Akron Law Department by e-mail.  Following the hearing, the motion for TRO was granted and a preliminary injunction hearing was scheduled for October 30, 2006.  *See* Doc. No.  9.

After the preliminary injunction hearing, the Court issued an order extending the TRO and continuing the preliminary injunction hearing until November 2, 2006.  *See* Doc. No. 21.  In this Order, the Court also directed that the full administrative record be filed by November 30, 2006 and set deadlines for merit briefs relating to the administrative appeal.  Plaintiffs did file their merit brief (Doc. No. 33); the other parties simply filed the currently pending motions (Doc. Nos. 34 and 36).

---

[3]  This statute is also called the Uniform Relocation Assistance Act.  For ease of reference throughout this opinion, it will be cited as "URA."

[4]  *See* , 5 U.S.C. § 701, *et seq.*

2

(5:06 CV 2447)

On October 31, 2006, the parties jointly submitted a proposed stipulated order to resolve the motion for preliminary injunction; this Court approved the Order that same day. *See* Doc. Nos. 23, 24).[5]

On January 29, 2007, the parties sought a settlement conference with a magistrate judge (Doc. No. 37), which this Court granted. Unfortunately, the conference conducted on February 12, 2007 proved unsuccessful.

The pending motions are now ripe for resolution.

## II.  FACTUAL BACKGROUND

At the time this action commenced, plaintiffs, a married couple, resided at 630 Diagonal Road, Akron, Summit County, Ohio ("the Residence"), located within a district called the Crouse Redevelopment District. The Residence had already been appropriated by the City of Akron through an eminent domain proceeding in Summit County Probate Court which had been brought by the City against the Meachams and several others, including Thomas Faulknier and Countywide Home Loans, Inc. On September 2, 2005, a jury awarded $220,000 as just compensation for the taking. The City deposited the funds which were disbursed on November 17, 2005 to cover prorated taxes and the mortgage payoff, with the balance of $94,388.45 going to Barbara Meacham. The City was then entitled to immediate possession of the Residence.[6]

---

[5]  Under this stipulated order, plaintiffs agreed, *inter alia*, to vacate the subject property by 11:59 p.m. on February 2, 2007 and not to appeal the forcible detainer/eviction action filed in Akron Municipal Court (Case No. 06-CV-10852). *See* Doc. No. 24, ¶ 1.

[6]  Plaintiffs never appealed the verdict of the Probate Court; related eviction proceedings in Akron Municipal Court were closed on October 17, 2006, following the filing of this lawsuit.

(5:06 CV 2447)

The redevelopment project for which the City of Akron sought title to the Residence through eminent domain was funded in whole or in part by HUD, which accounts for the applicability of the URA to this case.

By letter dated October 21, 2005, the City notified Plaintiffs that they would be required to vacate the Residence on or before January 22, 2006.  Plaintiffs were told of various other rights under the URA and were directed to one "comparable" dwelling at 590 Diagonal Road, Akron, Ohio, with an asking price of $299,000.  It so happened that this comparable dwelling was right next door the the Residence.  Plaintiffs did not, in fact, vacate the Residence until some time after the instant lawsuit was filed and the parties reached an agreement as to a date when plaintiffs would have to be out.  *See* Doc. No. 24.

On or about December 28, 2005, Plaintiffs filed an administrative complaint challenging whether the property at 590 Diagonal Road, Akron, Ohio was a "comparable" replacement unit within the meaning of the URA.  By letter dated July 17, 2006, HUD issued its determination that "the replacement housing offered at 590 Diagonal Road was comparable, functionally equivalent, and met the City's obligation to identify and offer a comparable unit before displacement could occur."

On September 8, 2006, the City of Akron instituted eviction proceedings against the Plaintiffs in Akron Municipal Court.  Plaintiffs filed this lawsuit on October 11, 2006 to stop the eviction; the proceedings outlined in Section I ensued.  Subsequently, on October 17, 2006, the eviction proceedings were dismissed, in view of this lawsuit.

4

(5:06 CV 2447)

### III.  DISCUSSION

**A.  Section 1983 Claim**

Substantive rights, privileges, or immunities created by federal statute are generally enforceable under 42 U.S.C. § 1983; however, the violation of a federal statute, by itself, is insufficient to support an action under § 1983.  An action under § 1983 may be brought alleging the deprivation of a right created by a federal statute only if: (1) the statute creates enforceable rights, privileges, or immunities; and (2) the federal law does not reflect a congressional intent to foreclose private enforcement.  *Golden State Transit Corp. v. City of Los Angeles*, 493 U.S. 103, 110 (1989).

For URA claims, the Administrative Procedures Act ("APA") is the exclusive remedy; therefore, such claims are not cognizable under § 1983.  *See Ackerley Communications of Fla., Inc. v. Henderson*, 881 F.2d 990, 993 (11th Cir. 1989) (APA is exclusive remedy for alleged violations of the URA); *Rhodes v. City of Chicago*, 516 F.2d 1373, 1378 (7th Cir. 1975) (federal courts lack jurisdiction over actions seeking enforcement of policies outlined in 42 U.S.C. § 4651 *et seq.*).

In their Complaint, plaintiffs allege that they have been displaced from their home by the defendants, who were "acting under the color and authority of state and federal law." (Compl. ¶ 24).  They further allege that defendants "in acting under color of law . . . have deprived plaintiffs of rights, privileges and immunities secured to them by due process clauses of the Constitutions of the United States and the State of Ohio, the Uniform Relocation Assistance and

5

(5:06 CV 2447)

Real Property Acquisition Policies Act of 1970, 42 U.S.C. §§ 4601 *et seq.*, and regulations thereunder."  (Compl. ¶ 30).

Clearly, plaintiffs are improperly attempting to convert an allegation of a violation of URA into a § 1983 claim.[7]  Accordingly, to the extent the Complaint asserts a § 1983 claim, it is dismissed.

**B.  Appeal of Agency Action**

The Complaint also seeks review under the Administrative Procedure Act, 5 U.S.C. § 701, *et seq.*, of the July 17, 2006 determination made by HUD's Columbus, Ohio Field Office that "the comparable replacement housing offered to the Meachams was comparable, functionally equivalent and met the City's obligation to identify and offer a comparable unit before displacement could occur."  (Doc. No. 32, Adm. Record at 004).  Plaintiffs ask this Court to "set the determination aside" because it was "based on an erroneous construction of the Uniform Relocation Act."  (Compl. ¶¶ 34, 35).

The APA requires the Court to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]"  5 U.S.C. § 706(2)(A).

---

[7]  In their memorandum in opposition to the City's motion for judgment on the pleadings, plaintiffs seek leave to amend the complaint by adding a single paragraph asserting a "policy by the City of Akron to violate the guidelines set out in the URA and applicable HUD regulations and to deny Plaintiffs permanent replacement housing under the Act."  (Doc. No. 41-2, ¶ 30). This does not cure the § 1983 claim.  Accordingly, to the extent Doc. No. 41 can be construed as a motion to amend the complaint, it is denied.

(5:06 CV 2447)

In its motion to remand for further agency action, HUD argues that it is now questionable whether these plaintiffs actually had an ownership interest in the property at issue.  Relying on exhibits attached to the motion but not in the administrative record, the motion states:

> A key factual determination is whether Plaintiffs had an ownership interest in the property at issue for 180 days prior to initiation of negotiations. Plaintiffs sold the property in question in 2001. [Ex. A].  They entered into an unrecorded land contract to repurchase the property on October 19, 2003 after learning of Akron's interest in purchasing the property. [Ex.B].  On November 19, 2003,  a formal written offer of just compensation was delivered to Mr. Meacham and the Meachams' attorney at a meeting with City of Akron representatives. [Ex C].  John Meacham executed an unrecorded assignment of his interest in the unrecorded land contract to Barbara Meacham on August 15, 2005. [Ex. D].  Plaintiffs' recorded a different land contract on September 1, 2005 which was the day of the eminent domain trial.  That land contract was executed on August 31, 2005 and was only in Mrs. Meacham's name. [Ex. E].  The City of Akron obtained title through eminent domain on September 1, 2005. [Ex. F].

Motion to Remand, at 2 (Doc. No. 36).  HUD suggests that plaintiffs have attempted to manipulate title to the Residence, perhaps to avoid an anticipated lien for a 2001 tax debt.

In any event, HUD argues that, even if the October 19, 2003 land contract is valid and enforceable, it was in existence for only 30 days before the November 19, 2003 offer of just compensation.  Under 49 C.F.R. § 24.401, a replacement housing payment is made only to a 180-day homeowner-occupant who has, *inter alia*, "actually owned and occupied the displacement dwelling for not less than 180 days immediately prior to the initiation of negotiations[.]"

This case involves an appeal over the amount of replacement housing assistance which has been offered to the plaintiffs.  Plaintiffs are asking this Court to declare that 590 Diagonal Road is *not* a "comparable" dwelling within the meaning of URA.  This is important because if it

(5:06 CV 2447)

*is* a true comparable, then a displaced owner-occupant would be entitled to only the difference between the comparable's market value and the just compensation awarded in the eminent domain proceedings.  In this case, that would be $79,000.

If the plaintiffs are not displaced *owner*-occupants, then they are not entitled to receive a replacement housing payment under 49 C.F.R. § 24.401 and an appeal to determine whether 590 Diagonal Road is a true "comparable" is pointless.  The Court notes that there seems to be no question that the plaintiffs *would* qualify for a replacement housing payment under 29 C.F.R. § 24.202, which applies to 90-day *occupants*.  However, they are claiming entitlement under the somewhat more generous § 24.401.

The current administrative record does not document ownership of the Residence and this Court cannot consider exhibits attached to the motion to remand.  Arguably, the Court might be able to take judicial notice of documents which are a matter of public record; however, the attachments to the motion are not certified or otherwise authenticated and the Court, therefore, is inclined not to assume their authenticity for purposes of an administrative appeal.  The Court would prefer that it would have before it a full administrative record before conducting any appeal.  Plaintiffs themselves have argued in their appellant's brief (Doc. No. 33) that the administrative record before this Court is incomplete.  *Id.* at 9.

In light of the above discussion, the Court is of the view that a remand is required.

8

(5:06 CV 2447)

### IV.  CONCLUSION

In light of the above discussion, the Court DENIES AS MOOT the City Defendants' motion for judgment on the pleadings (Doc. No. 34) and DENIES plaintiffs' motion for leave to amend (Doc. No. 41).

The Court will GRANT the motion (Doc. No. 36) of HUD to remand this matter for further proceedings, including a more complete development of the record relating to the history of ownership of the Residence at 630 Diagonal Road.

It is possible that this matter will be entirely resolved by further agency proceedings. However, if it is not resolved and plaintiffs find it necessary to come before this court a second time for an administrative appeal, they should be certain to list the current case number as a "related case" on the Civil Cover Sheet of any new case so that, under the Local Rule 3.1(b)(3), the new case would be eligible for transfer to the docket of the undersigned judge.

IT IS SO ORDERED.


  April 9, 2007                                    _s/ David D. Dowd, Jr._
Date                                               David D. Dowd, Jr.
                                                   U.S. District Judge

9